[Civ. No. 15677. Second Dist., Div. Three. Aug. 6, 1947.]

S. B. WEINBERG, Respondent, v. D. J. BELOND et al., Appellants.

Henry Haves and Abraham Gottfried for Appellants.

L. H. Phillips and Samuel Mirman for Respondent.

SHINN, Acting P. J.—Plaintiff Weinberg sued Los Angeles Knitwear Company, a corporation, and others, to recover commissions for sales of merchandise manufactured and jobbed by defendants; he recovered judgment for $3,084.70 against appellants D. J. Belond, Los Angeles Knitwear Company, a corporation, and Morris P. Kaplar. The sole contention on the appeal is that there was an insufficiency of evidence to justify the material findings.

Plaintiff was employed by Belond and Kaplar while they were doing business as Los Angeles Knitwear Company; the corporation of the same name later took over the business and assumed its obligations. The court found that plaintiff sold for and on behalf of Belond and Kaplar $224,515 worth of merchandise; that defendants delivered $123,678.55 net of merchandise to customers solicited and sold by plaintiff, for which defendants agreed to pay plaintiff, $7,420.71; that $4,336.01 had been paid, leaving a balance of $3,084.70, for which judgment was given. Plaintiff's earnings were computed upon the basis of 6 per cent of the value of merchandise delivered and the amount for which judgment was given represents the difference between 6 per cent and 3½ per cent of sales and deliveries of merchandise to J. C. Penney Company and another customer, upon orders admittedly solicited and sold by plaintiff. The dispute was whether plaintiff was to receive 3½ per cent or 6 per cent on such sales. The evidence was conflicting on this point. Sufficient of the evidence will be mentioned to make clear that such conflict existed. While it is admitted by defendants that plaintiff was employed by oral agreement for a compensation of 6 per cent of the price of goods delivered, it is contended that upon the sales in question there was a special agreement for a commission of 3½ per cent. It is not denied that plaintiff obtained orders in the amount found by the court. Defendant Belond testi-

fied that when the Penney order came in, for some 5,000 dozen sweaters, there was some question whether it would be accepted and that plaintiff agreed to accept 3½ per cent commission on that order. Plaintiff testified that the Penney Company had forwarded labels which, according to their purchase order, were to be sewed onto the sweaters which they were purchasing, and that he, plaintiff, offered to accept 3½ per cent commission upon the condition that the labels would be affixed as ordered. It is conceded that defendants declined to affix the labels but used ''pin tickets'' instead, and that the labels were returned to the Penney Company. Belond testified that the refusal of defendants to pay the full 6 per cent commission was due to the fact that the Penney sales were made outside of the agreed territory in which plaintiff was to sell. Plaintiff denied there was such limitation of his territory and in this he was corroborated by the testimony of defendant Kaplar, given by deposition. In view of this conflict in the evidence upon that point and of plaintiff's positive testimony that he did not agree to reduce his commission to 3½ per cent on deliveries made to Penney Company, without labels attached, the finding that plaintiff's commission agreement on the Penney sales was 6 per cent is supported by the evidence. The evidence was equally conflicting as to whether plaintiff agreed to accept a smaller commission on sales to another customer. It is conceded by defendants that the sales upon which they refuse to pay 6 per cent commission were made at the prices charged upon all other sales. Plaintiff's commissions were properly computed at the 6 per cent rate.

At the conclusion of the trial defendants amended their answer to plead an accord and satisfaction. In an attempt to prove that plaintiff had been paid in full they produced a number of checks payable to plaintiff, and cashed by him, which bore notations ''commission in full to date'' and wording of like import. These checks, it is contended by defendants, and not denied by plaintiff, represented some commissions at 3½ per cent. Defendants also produced a letter written by plaintiff mentioning a shipment to Penney of $1,200 worth of goods and asking for his commission thereon of $420, and they produced another letter in which plaintiff had figured commissions on shipments at 3½ per cent. It is the contention that by the receipt of these payments plaintiff became estopped to claim a greater commission

than 3½ per cent on the orders in question, and that the payments constituted an accord and satisfaction. Plaintiff testified that when he found the sweaters were being shipped to Penney without labels he refused to consent to the 2½ per cent reduction in his commissions, demanded full commissions of 6 per cent and that defendants said, "We will settle up with you at the end of the year. We are not going to cheat you," and that defendant Kaplar said, "It is just a matter of record I am not going to cheat you when I give you a statement you will get everything that you have coming to you." From the evidence as a whole the court was justified in finding that although plaintiff accepted commissions from time to time at the rate of 3½ per cent, he continued to insist that he was entitled to receive 6 per cent on all deliveries and that defendants led him to believe that they would pay him the difference of 2½ per cent at the end of the current year. The findings against the defenses of accord and satisfaction and estoppel are therefore supported by the evidence.

The judgment is affirmed.

Wood, J., and Kincaid, J. pro tem., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 2, 1947.